Kabeya **KALOMBO**, Plaintiff–Appellant,

v.

**HUGHES MARKET INC.; Local 399 Hospital and Service Employees Union, Defendants–Appellees.**

No. 87–6399.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 30, 1989.

Decided Sept. 25, 1989.

Harold Cotton, Woodland Hills, Cal., for plaintiff-appellant, Kalombo.

Howard Z. Rosen, Posner & Rosen, Los Angeles, Cal., for defendants-appellees, Hosp. & Service Employees Union, Local 399.

Before ALARCON and NELSON, Circuit Judges, and PATEL,* District Judge.

ALARCON, Circuit Judge:

Kabeya Kalombo appeals from the dismissal with prejudice under 29 U.S.C. § 185 of his claim of breach of the duty of fair representation against the Hospital and Services Employees Union Local 399 (Union). The district court dismissed the action on the ground that the claim against the Union was barred by the six months statute of limitations set forth in Section 10(d) of the National Labor Relations Act. 29 U.S.C. § 160(d) (1982) (NLRA). Kalombo's action was filed more than one year after the date he alleged that the Union breached its duty to him. Kalombo claims that the appropriate period of limitations is the four-year statute governing breach of contract actions under California law. We disagree.

## I.

■ In *Del Costello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court concluded that the six-month period for mak-

ing charges of unfair labor practice to the National Labor Relations Board contained in section 10(b) of the NLRA should be applied to a claim filed in a federal district court for a breach of a union's duty of fair representation. *Id.* at 159 n. 12, 103 S.Ct. at 2287 n. 12. In *Conley v. Int'l Bhd of Elec. Workers,* 810 F.2d 913 (9th Cir.1987), we held that the statute of limitations for a section 185 action is six months. *Id.* at 915.

Kalombo argues that *Del Costello* and *Conley* are inapplicable to his claim because he alleged facts showing that the Union was guilty of collusion with his employer's decision to terminate his employment solely because of his race. Kalombo asserts that "[t]he claim against defendant LOCAL 399 was, in essence, a claim for breach of contract." Appellant's Opening Brief, page 3. Kalombo's complaint alleges in Paragraph 24, however, that "[t]his is a claim for breach of the duty of fair representation by a union member against his union based on 29 U.S.C. § 185." Kalombo cites no authority for the proposition that the period of limitation for breach of the duty of fair representation should vary depending upon the nature of the employer's unfair labor practice. We can find nothing in *Del Costello* or *Conley* that supports Kalombo's novel argument. We decline Kalombo's invitation to adopt a rule that would permit varying statutes of limitation for a claim of breach of the duty of fair representation under section 185 depending solely upon the facts pleaded in the complaint. The chaos that would flow from such a doctrine would undo the certainty in the applicable statute of limitations achieved by the Supreme Court in *Del Costello.*

## II.

■ The Union asks that we impose sanctions against Kalombo's counsel for (1) failure to include the complaint in the excerpts of record as required by Circuit Rule

---

* Honorable Marilyn H. Patel, United States District Judge for the Northern District of California, sitting by designation.

30–1.2, (2) failure to include in his brief a certificate of interested parties, and a statement of related cases, a jurisdictional statement, or the applicable standard of review in violation of Circuit Rule 28–2 and 28–2.5. In addition, the Union seeks sanctions for the filing of a frivolous appeal. We agree that sanctions should be imposed. Kalombo's counsel has ignored this Circuit's rules concerning the filing of an excerpt of record. In addition, he has filed an appeal in the face of clear authority from the Supreme Court on the law of this circuit that the period of limitations for a breach of the duty of fair representation against an employer's unfair labor practices is six months. Accordingly, counsel for Kalombo is ordered to pay the Union's attorney's fees and double its costs as a sanction for disregarding this Circuit's rules and for the filing of a frivolous appeal. Counsel is ordered not to look to his client for reimbursement for payment of these sanctions. The clerk is directed to mail a copy of this Opinion to Kabeya Kalombo at his home address.

AFFIRMED.