977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria P. PABALAN and Miguel Rincon, Plaintiffs-Appellants,
v.
ICI AMERICAS INC., a Delaware Corporation, Defendant-Appellee.
 No. 91-55783.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1992.
Decided Oct. 6, 1992.
 
 1
 Before SNEED and D.W. NELSON, Circuit Judges, and ROLL,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs Maria P. Pabalan and Miguel Rincon (collectively Pabalan) 1 brought a breach of contract action against defendant ICI Americas Inc. (ICI). The district court granted summary judgment in favor of ICI and Pabalan appeals. We affirm. ICI seeks sanctions against Pabalan for filing a frivolous appeal. ICI's request for sanctions is denied.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 Maria Pabalan and Miguel Rincon were members of an investor group that negotiated to purchase ARBCO, a manufacturer of electronic circuit boards, from ICI. ICI had planned to close the ARBCO plant, but the investor group made an offer of purchase prior to the official announcement. ICI rejected ARBCO's initial offer. Following the failed transaction, ICI and the investor group agreed to enter into a letter of intent which would "outline the principles of the proposed transaction." On December 6, 1989, the three members of the investor group and the ICI agent signed the letter.
 
 
 5
 In early January, 1990, the Los Angeles County Environmental Task Force made an unexpected raid on the ARBCO plant. As a result of the raid, the task force lodged various environmental complaints against ICI. The parties agreed to postpone the closing of the sale until after the environmental issues were resolved. ICI decided not to sell ARBCO as an ongoing concern, but sold its assets at public auction instead.
 
 
 6
 In October of 1990, Pabalan and Rincon filed suit against ICI for breach of contract.[2] The district court found as a matter of law that the letter of intent was not a binding agreement for the purchase and sale of ARBCO. The court further ruled that while the proposed purchase and sale remained subject to the completion of a definitive purchase agreement, such agreement was never reached. Pabalan and Rincon appeal, contending that summary judgment was erroneously entered in favor of ICI.
 
 STANDARD OF REVIEW
 
 7
 In reviewing a district court's grant of summary judgment, the evidence must be viewed in the light most favorable to the non-moving party to determine if there are any genuine issues of material fact, and whether the district court correctly applied the substantive law. Bonner v. Lewis, 857 F.2d 559, 561 (9th Cir.1988). This court reviews de novo the granting of summary judgment. Id. The interpretation of a written instrument which is unambiguous on its face is a question of law. Oakland-Alameda County Coliseum, Inc. v. Oakland Raiders, Ltd., 197 Cal.App.3d 1049, 1056-57, 243 Cal.Rptr. 300, 304 (1988). In diversity actions, the federal court applies state substantive law. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).
 
 DISCUSSION
 
 8
 A. Whether summary judgment was appropriate.
 
 
 9
 Pabalan argues that the letter of December 6, 1989 sets forth the terms of a contractual commitment for the sale and purchase of ARBCO. California courts have long recognized that an agreement to make an agreement, without more, is not a binding contract. Autry v. Republic Productions, 30 Cal.2d 144, 151-52, 180 P.2d 888, 893 (1947). The distinction between "a final agreement [and] ... an agreement to make an agreement depends primarily upon the intention of the parties." Smissaert v. Chiodo, 163 Cal.App.2d 827, 830, 330 P.2d 98, 100 (1958). The court must determine intent from the instrument itself and in such a way as to give effect to the intent of the parties as it existed at the time of contracting. Cal.Civil Code § 1636 (West 1985); Smissaert, supra. Objective intent as evidenced by the words of the instrument, rather than the parties' subjective intent, governs the court's interpretation. Market Ins. Corp. v. Integrity Ins. Co., 188 Cal.App.3d 1095, 1098, 233 Cal.Rptr. 751, 752 (1987).
 
 
 10
 Based on the clear language of the document, we conclude that the letter does not evidence an intent to create a binding agreement. The letter begins with the explicit statement that "[t]his letter sets forth the intentions of [the parties] ... to proceed with negotiations for the sale and purchase of certain assets of ICI related to the operation of its ARBCO Electronics business." The letter further provides that the sale is "subject to the negotiation and execution of a definitive purchase agreement...." The letter closes with the disclaimer that it "is not intended as, nor shall it create, a legally binding commitment on the part of either party for any purpose ... neither party shall be under any legal obligation with respect to the transaction unless and until a mutually acceptable Purchase Agreement has been negotiated...."
 
 
 11
 The only exception to the otherwise precatory nature of the instrument is paragraph five, which mandates that the investor group place a $500,000 letter of credit with ICI. The presence of this provision does not preclude summary judgment, however. In Smissaert, the California Court of Appeal found that although the seller in a real estate transaction required the potential buyer to deposit funds on account, this was only one step in the negotiations process. Smissaert, 163 Cal.App.2d at 830, 330 P.2d at 100. Rather, the deposit was to be viewed in light of the totality of the agreement which did not sufficiently evidence a meeting of the minds. Id. Here, as in Smissaert, the deposit does not contradict the clear disclaimer that no legal rights were formed. By signing the letter of intent Pabalan assented to the provision that no binding agreement would result until the parties drafted a definitive contract. As an express disclaimer can nullify even an otherwise certain agreement, Smissaert, 163 Cal.App.2d at 830-31, 330 P.2d at 101, we conclude that the letter did not create a binding purchase contract.
 
 
 12
 B. Whether ICI is entitled to attorneys' fees and costs in defense of this appeal.
 
 
 13
 ICI moves this court for an award of sanctions against Pabalan for bringing this appeal. Fed.R.Civ.App.P. 38 governs the imposition of sanctions for the filing of frivolous appeals. The rule provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. Maisano v. United States, 908 F.2d 408, 411 (9th Cir.1990). The determination of frivolousness is left to the discretion of the appellate court. Hewitt v. City of Stanton, 798 F.2d 1230 (9th Cir.1986).
 
 
 14
 ICI argues that sanctions are appropriate in this case because Pabalan has no valid grounds for appeal. ICI accuses Pabalan of creating superficial arguments based on dicta, and providing no support for its claims. Moreover, ICI maintains that the appeal is frivolous because California law is firmly established in this area. ICI also notes that Pabalan failed to identify the extrinsic evidence upon which its third argument hinged.
 
 
 15
 This court declines ICI's invitation to award sanctions. Although Pabalan's appeal may not be well taken, its position is not patently meritless. This is not a case where plaintiffs have misrepresented the facts, Optyl Eyewear Fashion Intern. Corp. v. Style Companies, Ltd., 760 F.2d 1045 (9th Cir.1985), nor where the party failed to follow circuit rules. Kalombo v. Hughes Market, Inc., 886 F.2d 258 (9th Cir.1989). Accordingly, sanctions will not be imposed in this action.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Plaintiffs shall be referred to in the singular "Pabalan" throughout the text
 
 
 [2]
 The third member of the investor group did not join in the lawsuit