996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anita SUAREZ, individually and as the personal
representative of the estate of Nemesio Gomez, et
al., Plaintiff-Appellant,
v.
CONFEDERATED TRIBES & BANDS OF the YAKIMA INDIAN NATION;
Robert W. Newquist, Defendants-Appellees.
 No. 91-36025.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1993.*
Decided June 16, 1993.
 
 Before: BRUNETTI, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs Anita Suarez and her five children (collectively "Suarez") appeal the district court's dismissal of their complaint for damages arising from the death of Nemesio Gomez, Suarez's husband and the children's father. We have jurisdiction under 28 U.S.C. § 1291 (1988), and we affirm.
 
 
 3
 * Suarez contends the Yakima Indian Nation should not be immune from suit in this matter, because of its extensive relations with non-tribal persons and entities. The district court dismissed this argument due to Suarez's failure to plead any specific relationships with non-tribal entities, which could constitute a waiver of the tribe's sovereign immunity.
 
 
 4
 "Dismissal for failure to state a claim is reviewed de novo. Review is limited, however, to the contents of the complaint." Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir.1991). "On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987).
 
 
 5
 Like the district court, we can locate no place in Suarez's First Amended Complaint where Suarez alleged as the basis of a waiver of tribal immunity (1) the existence of a contract, or (2) other evidence of a relationship between the Yakima Nation and a non-tribal entity. Suarez does allege the existence of such evidence, including the number of state highways running through the reservation, and state hunting and fishing regulations, in her briefs filed in this court. These allegations, however, are not contained in her First Amended Complaint and, therefore, fall outside our scope of review on this question. We conclude the district court did not err in dismissing Suarez's First Amended Complaint on account of Suarez's failure sufficiently to plead the existence of evidence showing the Yakima Nation has waived its tribal sovereign immunity through extensive relations with non-tribal entities.
 
 II
 
 6
 Suarez argues the exercise of tribal sovereign immunity denies her due process and equal protection rights under the Fifth and Fourteenth Amendments. We disagree.
 
 
 7
 The Yakima Nation "is a sovereign by reason of its original status as a sovereign." In re Greene, 980 F.2d 590, 592 (9th Cir.1992), petition for cert. filed, 61 U.S.L.W. 3621 (U.S. Feb. 23, 1993) (No. 92-1398). "As separate sovereigns pre-existing the Constitution, tribes have historically been regarded as unconstrained by those constitutional provisions framed specifically as limitations on federal or state authority." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 56 (1978). By their express terms, the Fifth and Fourteenth Amendments place limitations only on state and federal authority, and not on other sovereign governments such as the Yakima Nation. Therefore, tribal sovereign immunity neither extends, denies, nor diminishes Suarez's rights under the United States Constitution.
 
 III
 
 8
 Suarez also makes two arguments for the first time on appeal. First, Suarez contends the tribe is a "territory" and is thus subject to jurisdiction in federal court in actions for damages under 42 U.S.C. § 1983 (1988). Second, Suarez alleges the Indian Civil Rights Act of 1968, 25 U.S.C. § 1301 et seq. (1988), specifically prohibits the discriminatory treatment given Gomez in this case.
 
 
 9
 "Generally, a party must present his contention to the district court to preserve it for appeal." Vincent v. Trend Western Tech. Corp., 828 F.2d 563, 570 (9th Cir.1987). Requiring a plaintiff first to present arguments to the district court "obviates the strange result of allowing a plaintiff to transform the court of appeals into a court of first instance by forcing it to make the initial determination as to whether the new theor[ies] would survive a motion to dismiss." Id.
 
 
 10
 In this case, Suarez's two theories of jurisdiction were neither presented to the district court in the complaints, nor argued in Suarez's Memorandum in Opposition to Defendants' Motions to Dismiss and for Attorneys' Fees. Furthermore, Suarez failed to make motions pursuant to Fed.R.Civ.P. 59(e) or 60(b) to reopen the district court's judgment to allow amendment of the complaint to include these two theories. See Id. Therefore, we will not address these two issues, which were not preserved properly for appeal.
 
 IV
 
 11
 In her reply brief, Suarez argues the district court improperly denied her the opportunity to amend her complaint for the second time. "Legal issues raised for the first time in reply briefs are waived." United States v. Bentson, 947 F.2d 1353, 1356 (9th Cir.1991), cert. denied, 112 S.Ct. 2310 (1992). Therefore, we will not address this issue.
 
 V
 
 12
 Defendant Newquist appeals the district court's denial of his request for attorneys' fees pursuant to 42 U.S.C. § 1988. The denial of a request for attorneys' fees pursuant to 42 U.S.C. § 1988 is reviewed for abuse of discretion. Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir.1992).
 
 
 13
 "This court has said that fees may be awarded against an unsuccessful plaintiff under section 1988 only if the action is 'meritless, in the sense it is groundless or without foundation.' " Elks Nat'l Found. v. Weber, 942 F.2d 1480, 1485 (9th Cir.1991) (quoting Mitchell v. Los Angeles Comm. College Dist., 861 F.2d 198, 202 (9th Cir.1988), cert. denied, 490 U.S. 1081 (1989)), cert. denied, 112 S.Ct. 2995 (1992). Here, the district court denied the defendants' request for attorneys' fees, noting that it had made no finding with respect to the state law claims except to dismiss them for lack of subject matter jurisdiction, and that, although Suarez failed to show the necessary facts in this case, tribal sovereign immunity from suit in federal court could be waived in some situations. Having reviewed the district court's reasons, we conclude the district court did not abuse its discretion in denying Newquist's award of fees pursuant to 42 U.S.C. § 1988.
 
 VI
 
 14
 Defendants seek attorneys' fees and costs for this appeal pursuant to Fed.R.App.P. 38 and 39(a), and 28 U.S.C. § 1927.
 
 
 15
 Rule 38 provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." This award may include attorneys' fees. McConnell v. Crichlow, 661 F.2d 116, 118 (9th Cir.1981). "An appeal is frivolous when the result is obvious or the appellants' arguments are wholly without merit." Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991).
 
 
 16
 We conclude this appeal is not only wholly without merit, but also one in which the result is obvious. In this appeal, Suarez has pursued claims of a kind we have described previously as "patently barred by the Supreme Court discussion of the scope of tribal sovereignty." Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 480 (9th Cir.1985). Moreover, due to procedural errors made by Suarez, we do not even address the majority of the arguments Suarez makes in this appeal. Finally, we note that Suarez failed to include a copy of the First Amended Complaint in her Excerpt of Record as required under 9th Cir.R. 30-1.2(c).
 
 
 17
 In conclusion, counsel for Suarez has filed an appeal in the face of clear authority from the Supreme Court and the law of this Circuit, has attempted to circumvent certain procedural steps necessary to present issues to this court, and has ignored this Circuit's rules concerning the required contents of the Excerpt of Record. Therefore, counsel for Suarez is ordered to pay damages in the form of attorneys' fees and double costs to defendants, Fed.R.App. 38 and 28 U.S.C. § 1927, and further is ordered not to look to his client for reimbursement for payment of these sanctions. Kalombo v. Hughes Market, Inc., 886 F.2d 258, 260 (9th Cir.1989).
 
 
 18
 The appellees shall file with this court a statement of fees and costs incurred on appeal within thirty days of the date of this decision. Also, the clerk is directed to mail a copy of this disposition to plaintiff Suarez at her home address.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3