40 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tommy JONES, Plaintiff-Appellant,
v.
UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, Dan
McDonald, individually and in his capacity as an agent of
United Food & Commercial Workers Union, Local 870, AFL-CIO;
Safeway Stores, Inc., Defendants-Appellees.
 No. 94-15711.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 21, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tommy Jones appeals pro se the district court's summary judgment for United Food and Commercial Workers Union Local 870 ("the Union")[1] in Jones' action alleging that the Union violated its duty of fair representation in violation of the National Labor Relations Act, ("NLRA"), 29 U.S.C. Sec. 185. The district court held that Jones' action was barred by the six-month statute of limitations. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Cook v. Lindsay Olive Growers, 911 F.2d 233, 237 (9th Cir.1990), and affirm.
 
 
 3
 A claim for breach of the duty of fair representation is subject to the six-month statute of limitations set forth in Section 10(d) of the NLRA, 29 U.S.C. Sec. 160(d). Kalombo v. Hughes Market, Inc., 886 F.2d 258, 259 (9th Cir.1989); see DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 155 (1983). The statute of limitations begins to run when the employee knows or should have known that the union would not pursue his grievance. See Harris v. Alumax Mill Prods., Inc., 897 F.2d 400, 404 (9th Cir.), cert. denied, 498 U.S. 835 (1990).
 
 
 4
 Here, the Union informed Jones by the end of April 1992 that it would not pursue his grievance. Jones did not file his complaint until March 12, 1993, almost one year later. Accordingly, Jones' action is time-barred. See id.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jones has waived all issues regarding the district court's summary judgment for Dan McDonald. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988) ("claims that are not addressed in the appellant's brief are deemed abandoned")
 
 
 [2]
 Jones' motion for an extension of time is denied