James WALLS; John Does, 1–3000; Kirk D. Gipe; Joe Reed; Robert A. Booth; James C. Guntle; William Bartholomew; Ernest Blackburn; Robert Bocanegra; David Shaw Braden; Robert L. Crelling; Thomas P.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2).

Dolly; Kevin A. Erickson; William Fischer; Gale G. Grassman; Levi Henderson; Charles Jones; Paul M. Luppy; Robert R. Marshall; Monte H. O'Brien; Malcolm H. Thompson; Clarence Robert Walker, Jr.; Al Mardock, Jr.; Ted L. Guntle; Kenneth Kiley, Plaintiffs–Appellants,

v.

INTERNATIONAL LONGSHORE-MEN'S AND WAREHOUSEMEN'S UNION, LOCAL 23; Pacific Maritime Association, Defendants–Appellees.

James Walls; John Does, 1–3000; Kirk D. Gipe; Joe Reed; Robert A. Booth; James C. Guntle; William Bartholomew; Ernest Blackburn; Robert Bocanegra; David Shaw Braden; Robert L. Crelling; Thomas P. Dolly; Kevin A. Erickson; William Fischer; Gale G. Grassman; Levi Henderson; Charles Jones; Paul M. Luppy; Robert R. Marshall; Monte H. O'Brien; Malcolm H. Thompson; Clarence Robert Walker, Jr.; Al Mardock, Jr.; Ted L. Guntle; Kenneth Kiley, Plaintiffs–Appellees,

v.

International Longshoremen's and Warehousemen's Union; ILWU, Local 23, Defendants,

and

Pacific Maritime Association, Defendant–Appellant.

James Walls; John Does, 1–3000; Kirk D. Gipe; Joe Reed; Robert A. Booth; James C. Guntle; William Bartholomew; Ernest Blackburn; Robert Bocanegra; David Shaw Braden; Robert L. Crelling; Thomas P. Dolly; Kevin A. Erickson; William Fischer; Gale G. Grassman; Levi Henderson; Charles Jones; Paul M. Luppy; Rob-

ert R. Marshall; Monte H. O'Brien; Malcolm H. Thompson; Clarence Robert Walker, Jr.; Al Mardock, Jr.; Ted L. Guntle; Kenneth Kiley, Plaintiffs–Appellees,

v.

International Longshoremen's and Warehousemen's Union; IlWU, Local 23, Defendants–Appellants,

and

Pacific Maritime Association, Defendant.

Nos. 99–35295, 99–35576, 99–35589. D.C. CV–98–05344–RJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2001.

Decided May 11, 2001.

Before THOMPSON, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM *

In appeal no. 99–35295, a group of longshoremen from the Port of Tacoma, Washington, appeal the district court's dismissal, on motions to dismiss and for summary judgment, of their action alleging that the Pacific Maritime Association (PMA) and the International Longshore and Warehouse Union (ILWU) failed to operate a joint hiring hall in accordance with the provisions of the collective bargaining agreement. In appeal nos. 99–35576 and 99–35589, PMA and ILWU appeal the district court's order granting the plaintiffs' request for an extension of time to file their notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## DISCUSSION

■ The district court did not abuse its discretion in determining that the plaintiffs demonstrated "excusable neglect" under Fed. R.App. P. 4(a)(5) for failing to file a timely notice of appeal. The court applied the appropriate test under *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), weighed the relevant factors (length of delay, reason for delay, prejudice to the non-movant, impact on judicial proceedings), and arrived at a conclusion that, while lenient to the plaintiffs, is not a clear error of judgment. *See Marx v. Loral Corp.*, 87 F.3d 1049, 1053–54 (9th Cir.1996).

■ The district court did not err by granting summary judgment before plaintiffs had an adequate opportunity to conduct discovery because plaintiffs failed to file a motion under Fed.R.Civ.P. 56(f) requesting discovery. *See Brae Transp. Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986) ("Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment."). In addition, although plaintiffs referred to Rule 56(f) in their opposition papers, *Brae Transp.* holds that such references do not qualify as motions under Rule 56(f). *See id.*

■ The district court did not err by applying the six-month statute of limitations set forth in section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(d), to plaintiffs' duty of fair representation claim and hybrid § 301/ duty of fair representation claim against ILWU and PMA. In *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court concluded that both of these claims are governed by the six-month statute of limitations. *See id.* at 169–71, 103 S.Ct. 2281; *see also Moore v. Local Union 569*

*of the Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1541 (9th Cir.1993); *Kalombo v. Hughes Market Inc.*, 886 F.2d 258, 259 (9th Cir.1989); *Conley v. Int'l Bhd. of Elec. Workers*, 810 F.2d 913, 915 (9th Cir.1987).

Plaintiffs' reliance on *Reed v. United Transp. Union*, 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989), is misplaced. The statute at issue in *Reed* was the Labor Management Reporting and Disclosure Act (LMRDA), not the NLRA. Moreover, unlike the case in *Reed*, plaintiffs' claims do not involve simply an "internal union dispute" because the hiring hall and dispatch system are jointly operated by ILWU and PMA.

■ The district court properly dismissed plaintiffs' RICO claims for failure to state a claim upon which relief can be granted and for failing to satisfy the specificity requirement under Federal Rule of Civil Procedure 9(b). The amended complaint contains only general and conclusory allegations with regard to the predicate acts allegedly committed by PMA and ILWU. *See Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir.1991) (stating that the requirements of Rule 9(b) must be followed in RICO actions alleging predicate acts of fraud); *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir.1995) (stating that conclusory allegations of racketeering are insufficient to state a claim under RICO).

Plaintiffs failed to suggest amendments that might cure the complaint's defects. And, given the nature of the allegations upon which plaintiffs rely to establish the predicate acts of fraud, we fail to see how plaintiffs could state a proper claim for relief. The district court did not err in dismissing plaintiffs' RICO claim without leave to amend. *See Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir.2000) (dismissal without leave to amend is proper where it

is clear that the complaint could not be saved by amendment).

Finally, the district court properly dismissed plaintiffs' ERISA claim on the ground that PMA and ILWU are not fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A). The PMA–ILWU pension plan is administered by six trustees; PMA and ILWU are not plan administrators. "[P]ersons who have no power to make any decisions as to plan policy, interpretation, practices or procedures' are not fiduciaries." *ITT Corp. v. General Am. Life Ins. Co.*, 107 F.3d 1415, 1420 (9th Cir.1997) (quoting 29 C.F.R. § 2509.75–8 at D–2).

In sum, in appeal nos. 99–35576 and 99–35589, we AFFIRM the district court's order granting the plaintiffs' request for extension of time to file a notice of appeal, and, in appeal no. 99–35295, we AFFIRM the district court's order of dismissal and summary judgment.

AFFIRMED.