**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALI M. UYANIK, | No. 22-16685 |
| Plaintiff-Appellant, | D.C. No. 5:22-cv-02361-NC |
| and | |
| DOROTHY OWENS, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| WAWANESA GENERAL INSURANCE COMPANY, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Submitted November 14, 2023**
San Francisco, California

Before: S.R. THOMAS, FORREST, and MENDOZA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Ali Uyanik appeals[1] from the district court's order dismissing his First Amended Complaint against Appellee Wawanesa General Insurance Company with prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo the district court's decision to grant a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). We accept as true allegations of material fact, but "conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 834 (9th Cir. 2012). "Dismissal under [Federal Rule of Civil Procedure] 12(b)(6) is warranted if a complaint fails 'to state a claim to relief that is plausible on its face.'" *Mahoney v. Sessions*, 871 F.3d 873, 877 (9th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

1. ***Breach of Contract Claim.*** We affirm the district court's dismissal of Uyanik's breach of contract claim. This claim is grounded in the plainly incorrect assertion that California law requires insurance providers to cover all losses, including diminution of vehicle value and loss of vehicle use, because policy exclusions are "void and unenforceable under California law as against public

---

[1] Uyanik's briefs indicate that both individual plaintiffs, Uyanik and Dorothy Owens, appealed. However, the Notice of Appeal filed in the district court clearly states that only Uyanik appealed. *Uyanik v. Wawanesa Gen. Ins. Co.*, No. 5:22-cv-02361-NC (N.D. Cal. Oct. 28, 2022) (ECF. No. 48).

policy and contradict[] the statutes passed by the California Legislature." *See Carson v. Mercury Ins. Co.*, 210 Cal. App. 4th 409, 425 (2012) ("It is a well-established principle that an insurer has the right to limit policy coverage in plain and understandable language and that it may limit the nature of the risk it undertakes to assume."); *see also Hackethal v. Nat'l Cas. Co.*, 189 Cal. App. 3d 1102, 1109 (1987) ("It is, of course, well established that an insurer has a right to limit the policy coverage in plain and understandable language . . . ." (quoting *VTN Consol., Inc. v. Northbrook Ins. Co*., 92 Cal. App. 3d 888, 892 (1979))).

2. ***Fraud-based claims.*** Uyanik's tort and statutory claims, which are all grounded in fraud, are subject to Rule 9(b)'s heightened pleading standard. *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1122 (9th Cir. 2009) (holding that claims under CLRA and California's UCL "are subject to Rule 9(b)[] which requires that allegations of fraud be pleaded with particularity"); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–05 (9th Cir. 2003) (holding that UCL claims that include allegations of fraud must be pled with particularity); *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400–01 (9th Cir. 1986) (applying Rule 9(b) specificity requirement to predicate fraudulent acts under the Racketeer Influenced and Corrupt Organizations Act). Uyanik's conclusory assertion that Wawanesa "marketed, advertised, and sold its policy as 'Insurance'" but "did not intend to indemnify insureds such as [Uyanik] for all loss, damage, or liability as

3

required by California law" does not meet Rule 9(b)'s heightened pleading standard. Uyanik failed to plead specific details of fraud in his First Amended Complaint, *see Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993), or to identify any misleading advertisements or marketing material with particularity, *see Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Accordingly, we affirm the district court's dismissal of his tort and statutory-based claims.

3.    ***CLRA claim.*** We affirm the district court's dismissal of the CLRA claim for an additional reason: the CLRA does not apply to insurance. The CLRA prohibits certain unfair acts and practices "in a transaction intended to result or that results in the sale or lease of goods or services to any consumer . . . ." Cal. Civ. Code § 1770(a). The California Supreme Court has held that insurance is neither a good nor a service within the meaning of the CLRA. *See Fairbanks v. Superior Court*, P.3d 201, 205 (Cal. 2009) ("Because life insurance is not a 'tangible chattel,' it is not a 'good' as that term is defined in the Consumers Legal Remedies Act . . . . Neither is life insurance a 'service' under the act." (citation omitted)). Accordingly, Uyanik fails to state a claim under the CLRA.

4.    ***Sanctions.*** We grant Wawanesa motion for sanctions [Dkt. 33]. Federal Rule of Appellate Procedure 38 permits us to "award just damages" if "an appeal is frivolous." *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 630 (9th Cir. 2017). "An appeal is considered frivolous in this circuit when the result is obvious or

4

the appellant's arguments are wholly without merit." *See Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989) (quoting *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981)). "Appellate courts have discretion to award damages, attorney's fees, and single or double costs as a sanction for bringing a frivolous appeal." *Glanzman*, 892 F.2d at 61. Uyanik's counsel Montie S. Day has filed multiple cases in state and federal court advancing the same unsuccessful legal theory advanced here—that insurance policies in California are required to cover diminution of vehicle value and other losses. Notably, Day represented the plaintiff in *Tufano v. State Farm Mut. Ins. Co.*, 854 F. App'x 134 (9th Cir. 2021), where we explicitly rejected the same statutory claims based on virtually the same facts and legal theories as asserted here. *Id.* at 136–37.

We may sanction counsel without sanctioning his client. *See, e.g.*, *Kalombo v. Hughes Mkt. Inc.*, 886 F.2d 258, 260 (9th Cir. 1989). Here, we are persuaded that sanctions should be imposed against Day, not Uyanik, given that Day should have known that the legal claims and arguments that he asserted were frivolous based on the prior cases that he has handled. *See Smith v. Ricks*, 31 F.3d 1478, 1489 (9th Cir. 1994) (sanctioning counsel for filing multiple, frivolous appeals based on previously invalidated legal theories). Accordingly, we order Day to pay $5,000 within 21 days of the date of this order to Wawanesa. *See* Fed. R. App. P. 38. Day may not tax these costs to Uyanik.

5

**AFFIRMED and motion for sanctions GRANTED.**[2]

---

[2]We deny Uyanik's motion for judicial notice [Dkt. 39].