Charlotte BLY–MAGEE,
Plaintiff–Appellant,

v.

State of CALIFORNIA; California Department of Rehabilitation; Attorney General of the State of California; Daniel E. Lungren, Attorney General, Defendants–Appellees.

No. 98–56523.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2000

Filed Jan. 2, 2001

Charlotte Bly–Magee, pro se, Los Angeles, California, for the plaintiff–appellant.

Kenneth G. Lake, Deputy Attorney General, Los Angeles, California, for the defendants–appellees.

Douglas N. Letter, Department of Justice, Washington, DC, for the amicus curiae.

Before: PREGERSON, W. FLETCHER, and GOULD, Circuit Judges.

RONALD M. GOULD, Circuit Judge:

Charlotte Bly–Magee ("Bly–Magee") appeals a judgment and order dismissing the qui tam action that she brought under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, against the State of California, the California Department of Rehabilitation ("CDR"), the Office of the Attorney General ("OAG"), former Attorney General Daniel Lungren ("Lungren"), and various Doe defendants. We affirm the dismissal with prejudice of Bly–Magee's claims against the State of California, the CDR, and the OAG. We also affirm the dismissal with prejudice of Bly–Magee's claims against Lungren and the Doe defendants to the extent such claims involved conduct related to litigation duties. However, we reverse the district court's decision to dismiss with prejudice Bly–Magee's claims against Lungren and the Doe defendants insofar as Bly–Magee alleged conduct by these defendants that was wholly unrelated to or outside of their official duties. We conclude that Bly–Magee should have been granted leave to amend her complaint to allege such conduct in accordance with Federal Rule of Civil Procedure 9(b).

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Bly–Magee, a former employee and executive director of Southern California Rehabilitation Services, Inc.,[1] filed her first qui tam action in 1992 against the State of California, the CDR, and seven individuals. Bly–Magee sought to recover allegedly misappropriated federal funds made available to the State of California for vocational rehabilitation services.

As required under the FCA, Bly–Magee served her complaint on the United States. After the United States chose not to intervene, Bly–Magee continued to pursue her

---

1. According to Bly–Magee, Southern California Rehabilitation Services, Inc. ("SCRS") is a non-profit agency that provides comprehensive independent living services to severely disabled and frail elderly persons. SCRS receives federal funds administered by the State of California through the CDR.

action under § 3730(c)(3) of the FCA. At a hearing on February 6, 1995, the district court granted summary judgment for defendants on the ground that Bly–Magee failed to establish that the federal government had been injured by defendants' alleged conduct. Bly–Magee did not appeal.

In a complaint filed June 3, 1997, Bly–Magee sought to reinstate her 1992 action, again naming the State of California and the CDR as defendants. Bly–Magee also sued the OAG, Lungren, and Does 1–100 alleging fraud on the court during the litigation of the 1992 lawsuit and further alleging that these new defendants had conspired with the CDR to defraud the United States and then had concealed this fraud. Again, the government did not intervene, and Bly–Magee pursued her new action under § 3730(c)(3) of the FCA.

After the district court dismissed this new lawsuit with leave to amend, Bly–Magee filed a first amended complaint. On August 13, 1998, the district court dismissed Bly–Magee's first amended complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This appeal follows.

## DISCUSSION

■ We review de novo a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Monterey Plaza Hotel, Ltd. v. Local 483*, 215 F.3d 923, 926 (9th Cir.2000). Denial of leave to amend is reviewed for abuse of discretion. *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000).

### A

■ In ruling on the defendants' motion to dismiss, the district court first determined that, under the Rehabilitation Act, funds allotted to but not used by one state are given to another state. Relying on the

Seventh Circuit's decision in *United States v. Azzarelli Construction Co.*, 647 F.2d 757 (7th Cir.1981), the court then concluded that because the allegedly misappropriated funds would "never revert to the federal treasury," Bly–Magee could not allege injury to the federal government and thus could not state a claim upon which relief could be granted. We disagree.

■ If Bly–Magee proved her claim of theft, the resulting damages initially would go to the federal government even if the federal government would then be obligated to reallocate these funds to another state. We conclude that even if the government ultimately reallocates recovered funds, a qui tam plaintiff need not prove that the federal government will suffer monetary harm to state a claim under the FCA. *See In re Schimmels*, 85 F.3d 416, 419 n. 1 (9th Cir.1996) ("[T]he False Claims Act requires a court to award not less than $5,000 and not more than $10,000 for each false claim or statement submitted to the government, even if no damages were caused by the false submissions."); *United States ex rel. Hagood v. Sonoma County Water Agency*, 929 F.2d 1416, 1421 (9th Cir.1991) ("No damages need be shown to recover the penalty" under the False Claims Act). We also hold that Bly–Magee alleged sufficient injury to satisfy Article III.[2]

### B

■ However, Bly–Magee's claims fail, in large part, for other reasons. First, states and state agencies enjoy sovereign immunity from liability under the FCA. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 1858, 1871, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000). Bly–Magee's claims against the State of California, the CDR, the OAG, and any state agency that Bly–Magee might sue as a Doe defendant are necessarily barred by *Vermont*.[3]

2. Because the district court incorrectly determined that Bly–Magee had not alleged sufficient injury to the federal government, it did not address whether defendants were immune from Bly–Magee's suit.

3. We note that at the time of the district court's decision *Vermont* had not been decided.

## C

■ Second, Bly–Magee may not assert claims against Lungren or any OAG attorneys sued as Doe defendants for conduct related to litigation · duties including the defense of Bly–Magee's prior lawsuit and the defense of this lawsuit. If sued in an official capacity, Lungren and any OAG attorneys sued as Doe defendants have absolute official immunity. *Pena v. Gardner,* 976 F.2d 469, 473 (9th Cir.1992). If sued in an individual capacity, Lungren and any OAG attorneys are similarly absolutely immune for conduct during performance of official duties. *Fry v. Melaragno,* 939 F.2d 832, 836–37 (9th Cir.1991). In either case, Bly–Magee cannot state a claim against Lungren and any other OAG attorneys for official conduct, and dismissal with prejudice of all such claims is affirmed.

## D

■ However, Lungren and other OAG attorneys are not immune for any actions that are wholly unrelated to or outside of their official duties. Although Bly–Magee attempted to assert such claims, her allegations were not pled with sufficient particularity.

In most cases, the Federal Rules of Civil Procedure require only that pleadings contain a short and plain statement of the claim. Fed.R.Civ.P. 8. Federal Rule of Civil Procedure 9(b), however, requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud ·charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *In re Stac Elec. Sec. Litig.,* 89 F.3d 1399, 1405 (9th Cir.1996); *see also Rolo v. City Investing*

*Co. Liquidating Trust,* 155 F.3d 644, 658 (3d Cir.1998) ("The purpose of Rule 9(b) is to provide notice of the 'precise misconduct' with which defendants are charged and to prevent false or unsubstantiated charges."); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1057 (2d Cir. 1993) (Rule 9(b)'s heightened pleading requirement alerts defendants to specific facts upon which a fraud claim is based and safeguards a "defendant's reputation and goodwill from improvident charges of wrongdoing").

■ The FCA is an anti-fraud statute. *See* 31 U.S.C. § 3729(a) (using language such as "false or fraudulent," "conspires to defraud," and "intending to defraud"); *see also United States v. Neifert–White Co.,* 390 U.S. 228, 233, 88 S.Ct. 959, 19 L.Ed.2d 1061 (1968) (the FCA "protect[s] the funds and property of the Government from fraudulent claims") (internal quotation marks omitted). As such, we hold that complaints brought under the FCA must fulfill the requirements of Rule 9(b)—defendants accused of defrauding the federal government have the same protections as defendants sued for fraud in other contexts. Other circuits to consider this issue have reached the same conclusion. *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir.1997); *Gold v. Morrison–Knudsen Co.,* 68 F.3d 1475, 1476 (2d Cir.1995); *United States ex rel. Cooper v. Blue Cross & Blue Shield of Florida, Inc.,* 19 F.3d 562, 568 (11th Cir.1994).

■ Bly–Magee's first amended complaint does not satisfy Rule 9(b). Bly–Magee alleged that "Lungren concealed the fraudulent submission of false claims … to avoid repayment of funds to the United States" and that Lungren conspired with the CDR and the OAG to "defraud the United States by obtaining payment of fraudulent claims." These broad allegations included no particularized supporting detail.

■ To comply with Rule 9(b), allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993) (internal quotation marks omitted). Such a requirement is wholly consistent with the purpose of the FCA. *See Wang v. FMC Corp.*, 975 F.2d 1412, 1419 (9th Cir.1992). In *Wang*, we observed that "[q]ui tam suits are meant to encourage *insiders privy to a fraud on the government* to blow the whistle on the crime." *Id.* (emphasis added). Because "insiders privy to a fraud on the government" should have adequate knowledge of the wrongdoing at issue, such insiders should be able to comply with Rule 9(b).

In any event, the complete absence of particularity in Bly–Magee's first amended complaint fails to satisfy Rule 9(b). *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989) ("[M]ere conclusory allegations of fraud are insufficient."). We therefore affirm the district court's dismissal of Bly–Magee's first amended complaint.

### E

Although dismissal of the claims discussed in Section D was correct because Bly–Magee did not comply with Rule 9(b), we must also address whether Bly–Magee should have been granted leave to amend.

■ We consistently have held that leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000). This approach is required by Federal Rule of Civil Procedure 15(a), which provides that leave to amend should be freely granted "when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182, 83

S.Ct. 227, 9 L.Ed.2d 222 (1962) (Rule 15(a)'s mandate "is to be heeded").

■ At argument before this court, Bly–Magee asserted that Lungren knew about the theft of property purchased with federal funds for the benefit of California's disabled population, but knowingly covered up this theft to protect family, personal friends and associates. If true,[4] Bly–Magee should have the opportunity to plead such claims with particularity and to pursue them.

Given the totality of the circumstances, we hold that Bly–Magee shall be permitted to amend her current complaint to assert claims against Lungren and other OAG attorneys for conduct that is outside the proper scope of official duties such as a cover-up of theft of federal funds to protect family, personal friends and associates. As held above, such claims must be pled with particularity.

We AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this disposition.

---

**4.** We express no opinion as to whether any facts exist to support Bly–Magee's contentions.