UNITED STATES of America, ex rel. HONEYWELL, INC., Plaintiff—Appellant,

v.

SAN FRANCISCO HOUSING AUTHORITY, Jon Gresley and Ronnie Davis, Defendants—Appellees.

No. 01–16618.

D.C. No. CV–99–01936–TEH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Dec. 9, 2003.

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

**182**

David C. Veis, Robins, Kaplan, Miller & Ciresi, Los Angeles, CA, Thomas K. Christo, Hare & Chaffin, Boston, MA, for Plaintiff–Appellant.

Gary T. Lafayette, Eric DeWalt, Lafayette & Kumagai LLP, San Francisco, CA, for Defendants–Appellees.

Before THOMPSON, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Plaintiff Honeywell, Inc., appeals from a judgment dismissing its *qui tam* action per Federal Rule of Civil Procedure 12(b)(6), which we review *de novo. Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001). The U.S. Supreme Court recently determined that local governments are "persons" against whom civil actions can be maintained under the False Claims Act, 31 U.S.C. § 3729. *Cook County v. United States ex rel. Chandler,* 538 U.S. 119, 123 S.Ct. 1239, 1242, 1247–49, 155 L.Ed.2d 247 (March 10, 2003). Insofar as defendant San Francisco Housing Authority ("SFHA") is a local governmental or municipal entity, the judgment in favor of the SFHA was erroneous and is vacated.

It follows that the dismissal of defendants Jon Gresley and Ronnie Davis in their official capacities was also in error and is vacated. However, we do not disturb the judgment in favor of Gresley and Davis in their personal capacities, as plaintiff has waived or abandoned the claims against these individuals in their personal capacities. *See Kohler v. Inter–Tel Techs.,* 244 F.3d 1167, 1182 (9th Cir.2001) (discussing issues abandoned on appeal); *Paciulan v. George,* 229 F.3d 1226, 1230 (9th Cir.2000) (discussing waiver of issues on appeal).

We disagree with the SFHA's contention that the judgment in its favor was correct for other reasons. We are not persuaded that the plaintiff failed to state a justiciable controversy, much less convinced that such an alleged infirmity could not be cured with leave to amend. *See Bly–Magee v. California,* 236 F.3d 1014, 1018–19 (9th Cir.2001) (granting plaintiff leave to amend complaint alleging violations of the False Claims Act). Moreover, the record on appeal is not sufficient to conclude that the SFHA is entitled to immunity under the Eleventh Amendment to the U.S. Constitution.[1]

Accordingly, we vacate the judgment in favor of the SFHA, as well as the judgment dismissing Gresley and Davis in their official capacities, but affirm the judgment dismissing Gresley and Davis in their personal capacities, and remand to the district court for further proceedings.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To the extent that the SFHA continues to assert Eleventh Amendment immunity on remand—notwithstanding the seemingly persuasive rationale in *Lynch v. San Francisco Housing Authority,* 55 Cal.App.4th 527, 539–42, 65 Cal.Rptr.2d 620 (1997)—the district court will have to consider (1) whether state funds would be used to satisfy a money judgment against the SFHA, (2) the extent to which SFHA performs core governmental functions, (3) the ability of the SFHA to sue or be sued in its own capacity, (4) whether the SFHA can take property itself or only in the name of the state, and (5) the SFHA's corporate status, if any, in order to determine whether the SFHA has carried it burden of proving such immunity. *See Eason v. Clark County Sch. Dist.,* 303 F.3d 1137, 1141 (9th Cir.2002) (applying test).

AFFIRMED IN PART, VACATED IN PART, AND REMANDED