Charlotte Rae BLY–MAGEE,
Plaintiff–Appellant,

v.

United States of America, Plaintiff,

v.

Daniel E. LUNGREN, Attorney General;
Melinda Wilson; Brenda Premo;
Kenneth Smedberg; Lisa Coyne;
Verne Albright; Laura Gold; Richard
Rojo, Defendants–Appellees,

and

Barbara Hooker; Hao Lam; Joseph
Kleir; Edna Larsen; Margaret
Rada, Defendants.

No. 05–55968.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2006.

Filed Dec. 13, 2006.

Joseph E. Deems, Esq., Sherman Oaks, CA, for Plaintiff–Appellant.

Joan E. Hartman, Attorney DOJ—U.S. Department of Justice, Commercial Litigation Frauds, Washington, DC, for Plaintiff.

Kenneth G. Lake, DAG, AGCA—Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before: CANBY, NOONAN, and BERZON, Circuit Judges.

MEMORANDUM *

Charlotte Bly–Magee appeals the district court's dismissal of her third amended complaint in her second action (*"Bly–Magee II"*) brought under the False Claims Act, 31 U.S.C. § 3729. We have jurisdiction to review the district court's final order under 28 U.S.C. § 1291.

The district court dismissed Bly–Magee's complaint for lack of subject matter jurisdiction, and we review this decision de novo. *Botsford v. Blue Cross & Blue Shield of Mt.*, 314 F.3d 390, 392 (9th Cir. 2002), *amended by* 319 F.3d 1078 (9th Cir.2003). Bly–Magee has the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *United States ex rel. Harshman v. Alcan Elec.*, 197 F.3d 1014, 1018 (9th Cir.1999).

The district court lacked jurisdiction over allegations in the complaint of false claims that occurred between October 1988 and September 1992 because the allegations regarding those claims previously were publicly disclosed and because Bly–Magee has not established that she was the original source of the information. The False Claims Act prohibits the court from exercising jurisdiction over a *qui tam* action that is "based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing ... unless ... the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). In her first *qui tam* action (*"Bly–Magee I"*), Bly–Magee accused the defendants of submitting false claims between October 1988 and September 1992. Bly–Magee asserted the same claims against the defendants in *Bly–Magee II*. The complaint in *Bly–Magee II* therefore was based on allegations that had been publicly disclosed in the first

action. *See United States ex rel. Biddle v. Bd. of Trs. of the Leland Stanford, Jr. Univ.*, 161 F.3d 533, 537, 540 (9th Cir. 1998).

Bly–Magee did not demonstrate by a preponderance of the evidence that she was the original source of the information upon which these allegations were based. *See Harshman*, 197 F.3d at 1018. Her employment with the Southern California Rehabilitation Services and her review of state records were insufficient to establish that she had direct knowledge of any scheme to submit false claims. *See* 31 U.S.C. § 3730(e)(4)(B) (requiring an original source to have "direct" knowledge). Thus, the district court could not exercise jurisdiction over claims in *Bly–Magee II* that occurred between October 1988 and September 1992.

The district court had jurisdiction, however, over allegations of false claims that occurred between October 1992 and June 1997 because they were not publicly disclosed in *Bly–Magee I*. Although the allegations from this time period arise out of the same scheme as in *Bly–Magee I*, the misconduct occurred after the time period covered by the first suit. The facts underlying these later allegations could not have been publicly disclosed in *Bly–Magee I* because the events had not yet taken place.

Because the district court had jurisdiction over these later claims in *BlyMagee II*, we address the district court's alternative grounds for dismissing them. We find one ground to be dispositive. The district court dismissed the third amended complaint for failure to plead fraud with particularity. *See* FED.R.CIV.P. 9(b). We review this decision de novo, and we affirm.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*See Yourish v. Cal. Amplifier,* 191 F.3d 983, 992–93 (9th Cir.1999).

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Complaints brought under the False Claims Act must satisfy Rule 9(b). *Bly–Magee v. California,* 236 F.3d 1014, 1018 (9th Cir.2001). Appellant did not state the allegations of fraud with sufficient particularity. Her complaint is replete with sweeping allegations that lack detail. She claims that employees of the California Department of Rehabilitation "systematically overcharged the Federal Government for administrative services not performed, client services not provided, and costs incurred for services to ineligible clients." Yet, she does not specify how much the Department overcharged the government or the nature of the services improperly charged for. She accuses the assistant attorneys general of withholding "all documentation that corroborated Appellant's claim." She claims defendants gave "false and incomplete answers" to interrogatories but does not identify which answers were inaccurate. She also failed to identify specific times and dates on which the fraud occurred. *See Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir.1993) (requiring complaints to "specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity" for compliance with Rule 9(b)).

Appellant's general allegations are not "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985). BlyMagee was given ample warning that her fraud allegations were insufficient to satisfy Rule 9(b), *see Bly–Magee v. Cal.,* 236 F.3d at 1018–19, but she failed to correct these deficiencies when she subsequently amended her complaint. Thus, with regard to the claims arising after September 1992, over which the district court had jurisdiction, the district court did not err in dismissing Bly–Magee's post–1992 claims on the alternative ground that the allegations failed to comply with Rule 9(b).

The judgment of the district court is **AFFIRMED.**