**UNITED STATES of America ex rel. Mounthasone BOTT; United States of America ex rel. Susan Newman, Plaintiffs–Appellants,**

v.

**SILICON VALLEY COLLEGES; Western Career Colleges; Greg Nathanson; Ellis C. Gedney; Darryl Lindsey; Steve Gallagher; Barbara Bickett; Janette C. Marquez; Patrick Sutherland; U.S. Education Corporation; George Montgomery; Leslie E. Pritchard; Almich & Associates, Defendants–Appellees.**

No. 06–15423.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Jan. 4, 2008.

Scott D. Levy, Esq., Houston, TX, Mark Allen Kleiman, Esq., Law Office of Mark Allen Kleiman, Los Angeles, CA, for Plaintiffs–Appellants.

Timothy J. Hatch, Gibson Dunn & Crutcher, LLP, Los Angeles, CA, George Charles Nierlich, Esq., Kathrin Sears, Esq., Gibson Dunn & Crutcher, LLP, Paul D. Fife, Esq., Wild, Carey and Fife, San Francisco, CA, Steven M. Gombos, Esq., Ritzert & Leyton PC, Fairfax, VA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, COWEN * and HAWKINS, Circuit Judges.

### MEMORANDUM**

**1.** Relators have not pled with sufficient particularity any facts indicating that the periodic salary adjustments violated the Higher Education Act or its associated regulations. The Act does not prohibit salary reviews generally, but rather bars the payment of a "commission, bonus, or other incentive payment" solely on the basis of recruitment success. 20 U.S.C. § 1094(a)(20). Relators have not pled spe-

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cific facts supporting the inference that salary reviews were performed solely on the basis of recruiting success. Nor have relators pled with sufficient particularity any facts demonstrating that the salary review system was merely a sham mechanism for funneling improper incentive pay. *See Bly–Magee v. California,* 236 F.3d 1014, 1018 (9th Cir.2001). *Cf. United States ex rel. Hendow v. University of Phoenix,* 461 F.3d 1166, 1169–70 (9th Cir. 2006) (alleging fraud with sufficient particularity).

■ **2.** The decision to fire an employee is not covered by the Act because termination is not a prohibited "commission, bonus, or other incentive payment." 20 U.S.C. § 1094(a)(20).

■ **3.** We need not determine whether the safe harbor regulation is actually valid. If defendants complied with a facially valid regulation, relators cannot show the required scienter under the False Claims Act for actions after the safe harbor regulation was promulgated. *See United States ex rel. Hochman v. Nackman,* 145 F.3d 1069, 1073–74 (9th Cir. 1998). The safe harbor regulation is not facially invalid because the Higher Education Act prohibits direct or indirect bonuses, while the regulation specifies permissible means by which to calculate base salaries. *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

**AFFIRMED.**