UNITED STATES of America,
ex rel., Plaintiff,

and

Charlotte Rae BLY–MAGEE,
Plaintiff–Appellant,

v.

Brenda PREMO; Catherine Campisi;
Jim Kay; Warren Hayes a/k/a Ronald
E. Glousman, MD; Keith S. Foster;
Edna Larson; Kenneth Smedberg;
Verne Albright, Defendants–Appellees,

No. 07–56311.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2009.

Filed May 20, 2009.

As Amended on Denial of Rehearing
June 5, 2009.

Judy Lee Beres, Law Office of Judy Beres, Glendale, CA, for Plaintiff–Appellant.

Charlotte Rae Bly–Magee, Los Angeles, CA, pro se.

Kenneth G. Lake, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before B. FLETCHER, FISHER and GOULD, Circuit Judges.

## MEMORANDUM *

In this *qui tam* action, the Relator, Charolette Bly–Magee ("Bly–Magee") appeals the district court's dismissal without leave to amend her Third Amended Complaint. We have jurisdiction under 29 U.S.C. § 1291, and we affirm.

■ The district court dismissed Bly–Magee's Third Amended Complaint because it lacked adequate specificity, as required by Federal Rule of Civil Procedure 9(b). Fed. R. Civ. Pro. 9(b); *see also Bly–Magee v. California (Bly–Magee II)*, 236 F.3d 1014, 1018 (9th Cir.2001) (complaints under the False Claims Act must adhere to the requirements of Rule 9(b)). With one exception, we agree. For the most part, Bly–Magee alleges that California officials falsely certified compliance with a myriad of regulations when they submitted their state plan to the United States for Rehabilitation Act funds. Bly–Magee cites generally to federal regulations but does not specify exactly which requirement she contends the state plan violated. These allegations are not sufficient to apprise the California state and local officials of their alleged misconduct so as to allow the officials to prepare an answer. *See Bly–Magee II*, 236 F.3d at 1019.

Bly–Magee does point to contracts that California entered into with school districts and other local entities without using a bidding process, and she argues that the "certified time contribution" provision in those contracts was an illegal kickback in violation of the Anti–Kickback Act (as well as other unspecified regulations). 41 U.S.C. § 51–58. Bly–Magee alleged that when Defendants certified that they did not violate the Anti–Kickback Act, they made a false claim under the False Claims

Act. This particularized allegation is sufficiently specific that Defendants can defend against it. However, we agree with Defendants' argument on appeal that these allegations do not state a claim as a matter of law.

■ Even if the "certified time contribution" violated the regulatory scheme, and we do not address that question here, that does not convert the certified time contribution into a "kickback" within the meaning of the Anti–Kickback Act. Under the Anti–Kickback Act, "[t]he term 'kickback' means any money, fee, commission, credit, gift, gratuity, thing of value, or compensation of any kind which is provided, directly or indirectly, to any prime contractor, prime contractor employee, subcontractor, or subcontractor employee for the purpose of improperly obtaining or rewarding favorable treatment in connection with a prime contract or in connection with a subcontract relating to a prime contract." 41 U.S.C. § 52(2). Bly–Magee cannot show that the local agencies included the "certified-time contributions" for the purpose of "improperly obtaining" contracts with the state. The regulatory regime anticipated that states may wish to contract with local entities to provide services and provided a manner to do this. 34 C.F.R. §§ 361.28, 361.60. That the California state plan followed this regulation and favored local entities for giving services does not demonstrate that the local entities were improperly currying favor with the state—the entities already had favor under the regulatory regime. We conclude that these alleged regulatory violations, whether they violate the regulatory regime or not, cannot be characterized as kickbacks within the meaning of the Anti–Kickback Act. Because the "certified

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

time contributions" were not kickbacks, the Defendants' certification of compliance with the Anti–Kickback Act was not a false claim within the meaning of the False Claims Act. Bly–Magee did not adequately and specifically allege any other claims.

The district court dismissed Bly–Magee's claims without further leave to amend. We have held that leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *United States ex rel. Lee v. SmithKline Beecham, Inc.,* 245 F.3d 1048, 1052 (9th Cir.2001). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995). We conclude that granting Bly–Magee further leave to amend would have been futile. Bly–Magee had amended her complaint four times; she continually pled that Defendants made false certifications, but she did not plead and explain how those certifications were false, except for her allegation about kickbacks which we have rejected as a matter of law. Bly–Magee has had ample opportunity to plead her case. We hold that the district court did not abuse its discretion in declining to give leave to amend once more in the face of her repeated failure to cure the complaint's deficiencies. *See Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532–33 (9th Cir.2008).

**AFFIRMED.**