**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIOLET R. MYERS-ARMSTRONG, | No. 09-16055 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-04741-WHA |
| v. | |
| ACTAVIS TOTOWA, LLC, a Delaware limited liability corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted May 14, 2010
San Francisco, California

Before: W. FLETCHER and N.R. SMITH, Circuit Judges, and PRO, District
Judge.[**]

Myers-Armstrong appeals the district court's dismissal of her case for failure

to state a claim. Myers-Armstrong sued Actavis Totowa, LLC, Actavis Group hf.,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Philip M. Pro, United States District Judge for the
District of Nevada, sitting by designation.

Actavis, Inc. (collectively, "Actavis") and McKesson Corporation regarding the manufacture and distribution of 107 drugs that were later found not to meet Food and Drug Administration ("FDA") standards. In her suit, she sought only economic loss, bringing the following causes of action: (1) breach of the implied warranty of merchantability; (2) violation of California's Unfair Competition Law ("UCL"); (3) fraudulent concealment; and (4) unjust enrichment. We may affirm the dismissal on any basis supported in the record. *See Diaz v. Gates*, 380 F.3d 480, 482 (9th Cir. 2004).

## I.

1. *Breach of the Implied Warranty of Merchantability*

Myers-Armstrong concedes that the Sales Division of the California Commercial Code governs her claim alleging a breach of the implied warranty of merchantability. Myers-Armstrong admits that the drug she received has an ordinary purpose of treating certain illnesses, and that the drug she received safely and effectively treated that illness. Such admissions are fatal to her claim under the implied warranty of merchantability. *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009).

Further, Myers-Armstrong fails to sufficiently plead damages under the California Commercial Code. Myers-Armstrong seeks a refund of her money.

2

Under the California Commercial Code, she is only entitled to "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." Cal. Com. Code § 2714(2). Myers-Armstrong alleges no such difference.

2. *Violation of California's Unfair Competition Law*

Myers-Armstrong next alleges that Actavis and McKesson violated California's UCL. Myers-Armstrong alleges that Actavis violated the UCL under all three criteria: "unlawful, unfair or fraudulent business act[s] or practice[s]." Cal. Bus. & Prof. Code. § 17200; *see also McKell v. Wash. Mut., Inc.*, 49 Cal. Rptr. 3d 227, 239 (Cal. Ct. App. 2006).

Myers-Armstrong claims Defendants "violate[d], without limitation, The Food Drug and Cosmetics Act, Food and Drug Administration Regulations, and other California and Federal laws which regulate the manufacture and sale of generic pharmaceutical products." However, Myers-Armstrong's complaint gives no notice of the alleged illegal act and, therefore, fails to satisfy Federal Rule of Civil Procedure 8(a), because it does not set forth "a short plain statement of the claim showing that the pleader is entitled to relief."

3

As to her "unfairness" claim, Myers-Armstrong alleges Defendants violated the UCL by the "selling of adulterated pharmaceutical products to consumers in California." "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell*, 49 Cal. Rptr. 3d at 240. Myers-Armstrong has failed to properly plead damages; she has not pled that the injury to consumers outweighs the benefits of the business practice. Furthermore, she has failed to plead that Defendants violated public policy, or that her injury was substantial.

Finally, as to fraudulent business practices, Myers-Armstrong claims that the Defendants distributed the adulterated drugs and that such conduct was "likely to deceive a reasonable consumer into believing that Defendants' pharmaceutical products are standard or otherwise 'pure' when, in fact, they are not." "A fraudulent business practice is one which is likely to deceive the public." *McKell*, 49 Cal. Rptr. 3d at 239. Myers-Armstrong has not sufficiently alleged that Defendants made a misrepresentation, express or implied, "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, we cannot find that she relied upon a misrepresentation to

4

her own detriment. *See In re Tobacco II Cases*, 93 Cal. Rptr. 3d 559, 581 (Cal. 2009).[1]

3. *Fraudulent Concealment*

Myers-Armstrong fails to plead the fraud "'specific[ally] enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (alterations omitted). Thus, she has failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

4. *Unjust Enrichment*

In California, "[t]here is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." *McKell*, 49 Cal. Rptr. 3d at 254. Again, because Myers-Armstrong fails to plead that the drugs she received were of any lesser value than those for which she paid, she fails to sufficiently plead an entitlement to relief under quasi-contract law.

---

[1] We note that even if we were to read an allegation of an implied misrepresentation into the complaint, Myers-Armstrong's claim would still be insufficient for failure to plead the fraudulent conduct with particularity, as required by Federal Rule of Civil Procedure 9(b).

**AFFIRMED.**