**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRE FRAZIER, ex rel. United States of America,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>IASIS HEALTHCARE CORPORATION,<br><br>　　　　Defendant - Appellee. | No. 08-16243<br><br>D.C. No. 2:05-CV-00766-JAT<br><br><br>MEMORANDUM[*] |
| JERRE FRAZIER, ex rel. United States of America,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>IASIS HEALTHCARE CORPORATION,<br><br>　　　　Defendant - Appellant. | No. 08-16305<br><br>D.C. No. 2:05-cv-00766-JAT |

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeals from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted March 9, 2010
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

Qui tam relator Jerre Frazier, the former Chief Compliance Officer and Vice President, Ethics and Business Practices, of IASIS Healthcare Corp., brought a complaint alleging violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3731. Frazier alleges two types of violations. Frazier first asserts that IASIS Healthcare submitted claims for reimbursement from federally funded health care programs for medically unnecessary procedures. Second, Frazier alleges that, to obtain valuable Medicare referrals, IASIS Healthcare and/or the hospitals it owns entered into prohibited financial relationships with and/or provided prohibited kickbacks to doctors in violation of the Stark Act, 42 U.S.C. § 1395nn, and the anti-kickback provision of the Health Insurance Portability and Accountability Act of 1996 ("Anti-Kickback Provision"), 42 U.S.C. § 1320a-7b(b)(2). Frazier alleges that IASIS hospitals submitted claims for referrals generated by doctors in prohibited financial relationships and thus falsely certified its compliance with Medicare requirements when it filed its annual cost reports.

2

The district court correctly determined that Frazier failed to comply with Federal Rule of Civil Procedure 9(b) by failing to plead his claims with sufficient particularity. Consistent with the requirements of Rule 9(b), Frazier must plead "the who, what, when, where, and how" of IASIS Healthcare's alleged false claims with particularity sufficient to provide IASIS Healthcare with enough notice to defend the suit. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). Frazier is not required to plead representative examples of false claims submitted to the Government to support every allegation, but he must plead with sufficient particularity to lead to a strong inference that false claims were actually submitted. *Ebeid v. Lungwitz*, No. 09-16122, slip op. 11249, 11259 (9th Cir. Aug. 9, 2010).

Frazier's allegations regarding medically unnecessary procedures were conclusory at best. Although it is not mandatory that Frazier provide representative examples, such examples would go a long way in providing the necessary particularity under Rule 9(b). At a minimum, he must provide "reliable indicia" that IASIS Healthcare submitted claims for medically unnecessary procedures. *Id.* The Second Amended Complaint fails in this regard.

To plead fraud based on falsely certified compliance with the Stark Act and the Anti-Kickback Provision sufficiently,[1] Frazier must allege (1) a false claim (2) made with scienter (3) that was material to the government's decision to pay and (4) an actual claim on the government fisc. *United States ex rel. Hendow v. University of Phoenix*, 461 F.3d 1166, 1171-73 (9th Cir. 2006). Materiality is sufficiently pleaded only where certification of compliance with the relevant law, rule, or regulation "is a prerequisite to obtaining a government benefit" and "a *sine qua non* of receipt of state funding." *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266-67 (9th Cir. 1996). Again, Frazier need not provide representative examples to plead express false certification, so long as he sufficiently alleges an illegal kickback scheme violating the Stark Act or the Anti-Kickback Provision *and* provides a sufficient basis to infer that IASIS Healthcare or its hospitals expressly certified compliance with those provisions as part of the process of submitting Medicare and Medicaid claims for patients referred by doctors involved in those schemes. The Second Amended Complaint also fails in this regard.

---

[1] Although we recently adopted the theory of implied false certification, *Ebeid*, slip op. at 11254, Frazier's complaint alleges only that IASIS Healthcare *expressly* certified compliance with the Stark Act and the Anti-Kickback Provision. Implied false certification is thus not at issue here.

Despite Frazier's failure of pleading, the district court erred in dismissing his Second Amended Complaint with prejudice. Leave to amend should be freely granted "'when justice so requires.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Fed. R. Civ. P. 15(a)). In dismissing the complaint with prejudice, the district court relied heavily on the "advanced" age of this case and on the fact that it was Frazier's third complaint. The court did not give sufficient weight to the fact that the first two complaints were filed under seal and that the motion to dismiss the Second Amended Complaint was the first time that Frazier's claims were subject to a Rule 9(b) sufficiency analysis. Accordingly, Frazier should be permitted to amend his complaint.

Finally, on IASIS Healthcare's cross-appeal, the district court erred in denying IASIS Healthcare's motion for surrender on mootness grounds. The question of sanctions is not a judgment on the merits, but "a determination of a collateral issue and a determination of a collateral issue may be made after the principal suit has been terminated." *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003).

Frazier incorrectly asserts that there is "no basis for sanctions under any theory." Sanctions, including dismissal of the complaint, may be granted under the court's inherent power. *Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001).

5

Frazier is also incorrect in asserting that the motion is moot because "any arguably privileged documents" were returned without review or utilization in this case. That characterization begs the question as to whether there was abuse of the judicial process that tainted the proceedings before the documents were returned. *Id.*

The district court's order denying the motion for surrender on mootness grounds is reversed, and the district court should consider, after *in camera* review, whether sanctions are appropriate.

**REVERSED** and **REMANDED** for proceedings consistent with this disposition.