UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANA Y. COWARD, <br><br>            Plaintiff-Appellant, <br><br>   v. <br><br> J.P. MORGAN CHASE BANK, N.A., <br><br>            Defendant-Appellee. | No.   14-16378 <br><br> D.C. No. <br> 2:11-cv-03378-GEB-AC <br> Eastern District of California, <br> Sacramento <br><br> ORDER |

Before: GRABER and McKEOWN, Circuit Judges, and PETERSON,[*] District Judge.

The memorandum disposition filed August 15, 2016, is hereby amended.

An amended disposition is filed concurrently with this order.

With these amendments, the panel has voted to deny the petition for panel rehearing. Judges Graber and McKeown have voted to deny the petition for rehearing en banc. Judge Peterson declines to make a recommendation.

The full court has been advised of the petition for rehearing and rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc.

---

[*] The Honorable Rosanna Malouf Peterson, United States District Judge for the Eastern District of Washington, sitting by designation.

Fed. R. App. P. 35.

The petition for panel rehearing and petition for rehearing en banc are

DENIED.  No further petitions for en banc or panel rehearing shall be permitted.



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANA Y. COWARD, | No. 14-16378 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-03378-GEB-AC |
| v. | |
| J.P. MORGAN CHASE BANK, N.A., | AMENDED MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted August 11, 2016[**]
San Francisco, California

Before: GRABER, and McKEOWN, Circuit Judges, and PETERSON,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Rosanna Malouf Peterson, United States District Judge for the Eastern District of Washington, sitting by designation.

Dana Coward appeals the dismissal of her fourth amended complaint against JP Morgan Chase Bank, N.A. ("JP Morgan") alleging fraud in the origination of her mortgage loan. The district court dismissed the complaint without leave to amend for failure to comply with the administrative requirements set out in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1821(d)(13)(D), and for failure to adequately plead fraud under Federal Rule of Civil Procedure 9(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On appeal, Coward attempts to revive various claims that the district court dismissed in her first and second amended complaints and that are not included in the fourth amended complaint. She argues that these claims were dismissed with prejudice and are therefore preserved for appeal. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal."). However, because Coward abandoned these claims in her opposition to JP Morgan's motion to dismiss her second amended complaint, we affirm their dismissal.

In the cause of action contained in the fourth amended complaint, Coward claims that, at the time her mortgage loan was issued in 2005, an employee of

Long Beach Mortgage Company—the original issuer of the mortgage loan—fraudulently certified Coward's husband's signature, although he was working as a contractor in Iraq at the time and was unavailable to sign the loan documents. Coward further alleges that the Long Beach Mortgage employee who certified her loan may have been subsequently hired by J.P. Morgan and was, therefore, acting as its "agent, employee, or independent contractor," even though J.P. Morgan did not acquire Coward's loan until several years after it was issued. The complaint does not allege with any particularity how the fraud occurred, nor does it explain J.P. Morgan's involvement in any fraudulent acts that might have occurred at the issuance of the mortgage. *See Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) ("[A]llegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." (internal quotation marks omitted)).

Because we conclude that Coward has failed to state a claim under Rule 12(b)(6), we do not address whether her claim is also barred by failure to exhaust administrative remedies under FIRREA. In the absence of evidence that Coward could cure the deficiencies in her pleadings through another amended complaint, the district court did not abuse its discretion in denying Coward leave to amend.

3

*See Bozzio v. EMI Grp. Ltd.*, 811 F.3d 1144, 1148 (9th Cir. 2016) ("We review the district court's denial of leave to amend for abuse of discretion." (internal quotation marks omitted)).

AFFIRMED.