Argued and submitted March 9, reversed and remanded April 29, 2020

Sarah MEYER
and Gail Wooldridge, Personal Representative
of the Estate of Martin Wooldridge,
*Plaintiffs-Appellants,*

*v.*

Tessa SUGAHARA,
*Defendant-Respondent,*
*and*

STATE OF OREGON,
acting by and through Oregon Lottery,
and Larry Niswender,
*Defendants.*

Marion County Circuit Court
12C23875; A169999

466 P3d 90

Plaintiffs appeal a limited judgment dismissing their 42 USC section 1983 claim against Sugahara, a state assistant attorney general, arguing that the trial court erred in concluding that a government attorney is always entitled to absolute immunity for acts conducted in the course of employment. Sugahara concedes that the absolute immunity accorded to government lawyers encompasses litigation-related conduct but not otherwise. She asserts, nevertheless, that much (although not all) of her complained-of conduct is protected by absolute immunity. *Held*: The trial court erred in dismissing the section 1983 claim against Sugahara in its entirety, but the Court of Appeals declined to resolve for the first time on appeal Sugahara's new arguments that she is absolutely immune from some portions of the claim.

Reversed and remanded.

Courtland Geyer, Judge.

William D. Stark argued the cause and filed the briefs for appellants.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

ORTEGA, P. J.

Reversed and remanded.

## ORTEGA, P. J.

This case is before us for a second time. Plaintiffs sued a number of defendants, including defendant Tessa Sugahara, a state assistant attorney general, for civil rights violations in connection with their employment at the Oregon State Lottery. They alleged that Sugahara and the lottery's former director, Larry Niswender, violated their federal constitutional right of association under 42 USC section 1983 by investigating plaintiffs' relationship and then taking certain actions against them, including placing them on administrative leave. In their first appeal, plaintiffs challenged the trial court's judgment dismissing the lawsuit against all defendants. We concluded, among things, that the trial court erred in dismissing plaintiffs' section 1983 claim against Sugahara. *Meyer v. Oregon Lottery*, 292 Or App 647, 649, 426 P3d 89 (2018).

On remand, Sugahara moved to dismiss plaintiffs' claim against her in its entirety based on absolute immunity. The court granted that motion and entered a limited judgment in Sugahara's favor. Plaintiffs appeal that judgment, arguing that Sugahara was not entitled to absolute immunity. Sugahara concedes that the trial court's ruling was partially incorrect, making new arguments to us (not asserted to the trial court) that absolute immunity applies only to a portion of the allegations supporting plaintiffs' claim against her. She also requests that we determine which allegations are subject to absolute immunity. As explained below, we decline Sugahara's request for a limited remand and reverse and remand the entire limited judgment.

Sugahara moved the trial court to dismiss all of the claims against her under ORCP 21 A(8) based on absolute immunity. She cited *Read v. Haley*, No 3:12-CV-02021-MO, 2013 WL 1562938, at *9 (D Or Apr 10, 2013) (citing *Bly-Magee v. California*, 236 F3d 1014, 1018 (9th Cir 2001)), *aff'd*, 650 F App'x 492 (9th Cir 2016), for the proposition that "[a]n attorney in the Attorney General's Office is immune from lawsuits for any action he commits while discharging his official litigation-related duties, whether sued in his official or individual capacity." She argued that absolute immunity applied because "[p]laintiffs' allegations against

[her] all relate to her role as an AAG advising defendant Niswender and the Oregon Lottery."

The trial court concluded that Sugahara was absolutely immune from liability on plaintiffs' section 1983 claim and ordered dismissal of the claim by limited judgment. In making that ruling, it cited *Bly-Magee*, 236 F3d at 1018, for the proposition that "an AAG has absolute immunity for acts performed as part of their official duties."

In challenging the limited judgment dismissing the claims against Sugahara, plaintiffs argue that the trial court erred in concluding that an assistant attorney general is always entitled to absolute immunity for acts conducted in the course of employment.[1] In contrast to her position below, Sugahara concedes that, on the facts of this case, absolute immunity does not apply to her nonlitigation conduct occurring before plaintiffs' attorney first appeared. She acknowledges that "[t]he absolute immunity accorded to government lawyers encompasses conduct associated with active or potential litigation but not otherwise." *See Barrett v. United States*, 798 F2d 565, 571-72 (2d Cir 1986) (analyzing United States Supreme Court cases on absolute immunity and holding that it applies to conduct that may "fairly be characterized as closely associated with the conduct of litigation or potential litigation"); *see also Bly-Magee*, 236 F3d at 1018 (holding that the plaintiff could not assert claims against a California attorney general "or any [government] attorney *** for conduct related to litigation duties" and that, if sued in either their official or individual capacity, the government attorneys are "absolutely immune for conduct during performance of official [litigation-related] duties").

Sugahara now urges us to resolve the question of which of her alleged activities, as asserted in the operative complaint, may "fairly be characterized as closely associated with the conduct of litigation or potential ligation," and she argues that much (although not all) of her complained-of conduct is protected by absolute immunity. She posits that we should remand with instructions for the trial court to

---

[1] Plaintiffs also argue that Sugahara waived the absolute immunity defense by failing to plead it as an affirmative defense. We reject that argument without discussion.

enter an amended order dismissing the claims against her insofar as they are based on the conduct alleged in paragraphs 21 through 38 of the operative complaint, leaving the conduct alleged in paragraphs 1 through 20 for disposition on a ground other than absolute immunity.

We accept Sugahara's concession that the trial court's limited judgment entirely dismissing the claim against her was in error, but we decline to resolve for the first time on appeal her new arguments that she is absolutely immune from some portions of the claims but not all. Those arguments are more appropriately addressed to the trial court in the first instance.

Reversed and remanded.