**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD CLOYCE WAGDA, | No.    22-16173 |
| Plaintiff-Appellant, | D.C. No.<br>2:19-cv-01057-JAM-AC |
| v. | |
| AT&T CORP.; AT&T MOBILITY, LLC; AT&T MOBILITY II LLC; AT&T SERVICES, INC.; DIRECTV, LLC; NEW CINGULAR WIRELESS PCS, LLC; PACIFIC BELL TELEPHONE COMPANY, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| UNITED STATES OF AMERICA, | |
| Real-party-in-interest. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 12, 2024[**]

Before:  O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Donald Cloyce Wagda, Esq., appeals pro se the district court's judgment dismissing his action under the False Claims Act ("FCA") against AT&T Corp. and its subsidiaries alleging that they improperly escheated items of federal property to the state under California's Unclaimed Property Law rather than returning them to the United States. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal for failure to join an indispensable party, and de novo any questions of law. *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1154 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion in determining that the State of California is a necessary and indispensable party whose joinder is infeasible. *See* Fed. R. Civ. P. 19(a) & (b); *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1159-60 (9th Cir. 2002) (affirming dismissal of an action under Rule 19 because a party was necessary and indispensable but its joinder was infeasible because it was entitled to sovereign immunity); *Bly-Magee v. California*, 236 F.3d 1014, 1017 (9th Cir. 2001) ("[S]tates . . . enjoy sovereign immunity from liability under the FCA.").

We decline to consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Wagda's unopposed Motion to Correct Case Caption, Dkt. No. 30, is

2

granted. The Clerk is directed to correct the docket to remove the State of California as a party and the United States of America's "Appellee" designation, as reflected in the above caption.

**AFFIRMED.**