Filed 5/5/11

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| JANE HYDE RASMUSSEN et al., | ) | S182407 |
| | ) | |
| Petitioners, | ) | Ct.App. 4/3 |
| | ) | G042454 |
| v. | ) | |
| | ) | |
| THE SUPERIOR COURT OF ORANGE COUNTY, | ) | Orange County |
| | ) | JCCP No. 4392 |
| | ) | |
| Respondent; | ) | |
| | ) | |
| PRAVEEN BUNYAN et al., | ) | |
| | ) | |
| Real Parties in Interest. | ) | |
| _____ | ) | |

This matter, involving a church property dispute, is before this court for the second time. (See *Episcopal Church Cases* (2009) 45 Cal.4th 467.) St. James Parish in Newport Beach (St. James Parish) was a parish within the Episcopal Diocese of Los Angeles (Los Angeles Diocese), a diocese within the Protestant Episcopal Church in the United States of America (Episcopal Church). The parish has disaffiliated from the diocese and the national church and joined another church. The national church and St. James Parish both claim ownership of the church building that St. James Parish used and the property on which the building stands.

The Los Angeles Diocese and certain individuals (hereafter Los Angeles Diocese) sued persons connected with St. James Parish (hereafter St. James

1

Parish) claiming the national church owns the property. Later, the Episcopal Church intervened on the side of the Los Angeles Diocese and filed a complaint in intervention against St. James Parish, also claiming the national church owns the property. St. James Parish moved to strike the Los Angeles Diocese's lawsuit as a "strategic lawsuit against public participation," generally known as a "SLAPP suit." (See *Episcopal Church Cases*, *supra*, 45 Cal.4th at p. 473, fn. 1; Code Civ. Proc., § 425.16.) The trial court granted the motion and dismissed the action without leave to amend. It later sustained without leave to amend St. James Parish's demurrer to the Episcopal Church's complaint in intervention and dismissed that action. The Los Angeles Diocese and Episcopal Church appealed. The Court of Appeal consolidated the appeals and reversed both judgments of dismissal. It ruled that the action was not a SLAPP suit, and that the trial court erred in sustaining the demurrer. Its disposition stated, "Further proceedings shall be consistent with this opinion." We granted review to decide whether the action was a SLAPP suit and to address the merits of the property dispute.

We affirmed the judgment of the Court of Appeal, although our reasoning differed in some respects from the Court of Appeal's. (*Episcopal Church Cases*, *supra*, 45 Cal.4th at p. 493.) We stated the method courts should use in resolving church property disputes. (*Id*. at pp. 478-485.) Applying that approach, we also concluded, "on this record, that the general church, not the local church, owns the property in question." (*Id*. at p. 473; see also *id*. at pp. 485-493.)

On remand in the trial court, St. James Parish answered the complaint and complaint in intervention, and filed a cross-complaint against the Los Angeles Diocese. St. James Parish continues to contend it owns the property. It relies largely on a 1991 letter that, it claims, places ownership with the parish. The Los Angeles Diocese and Episcopal Church moved for judgment on the pleadings and demurred to the cross-complaint. The court denied the motion for judgment on the

2

pleadings and overruled the demurrer. Thereafter, the Los Angeles Diocese and the Episcopal Church filed an original petition for writ of mandate in the Court of Appeal asking that court to order the trial court to vacate its previous rulings and to enter new orders sustaining the demurrer and granting the motion for judgment on the pleadings.

After issuing an order to show cause, the Court of Appeal granted the writ. The majority viewed our opinion in *Episcopal Church Cases*, *supra*, 45 Cal.4th 467, as having resolved the property dispute for all purposes, leaving nothing for the trial court to do on remand but to dispose of the cases in favor of the Los Angeles Diocese and Episcopal Church. Justice Fybel dissented. He argued that this court merely affirmed the previous judgment of the Court of Appeal, which had reversed the trial court's granting of the motion to dismiss and the sustaining of the demurrer, and ordered further proceedings consistent with its opinion. This court did not, he argued, additionally order judgment to be entered in favor of the Los Angeles Diocese and Episcopal Church.

We granted St. James Parish's petition for review, and we now conclude that the majority in the Court of Appeal erred. It is true that we "address[ed]" the merits of the property dispute because the parties had briefed the question, and it presented an important question of law. (*Episcopal Church Cases*, *supra*, 45 Cal.4th at p. 478.) Based on the arguments the parties presented, we did conclude "on this record," that the general church owns the disputed property. (*Id*. at p. 473.) But what we said must be viewed in light of the case's procedural posture.

The matter was before us on a summary adjudication in favor of St. James Parish. Specifically, the trial court had (1) granted a motion to dismiss the action as a SLAPP suit under Code of Civil Procedure section 425.16, and (2) sustained the demurrer. The former ruling meant the trial court had found that the action was a SLAPP suit, i.e., that the action arose out of protected activity, and that the

3

Los Angeles Diocese had not shown a probability it would prevail. (*Episcopal Church Cases*, *supra*, 45 Cal.4th at p. 477.) The latter ruling meant the trial court had found the Episcopal Church had not stated facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e); see 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, §§ 951, 952, pp. 366-368.) We affirmed the judgment of the Court of Appeal, which had reversed these rulings.

But concluding, as the Court of Appeal and this court had done, that the action is not subject to dismissal as a SLAPP suit and that the demurrer should have been overruled, does not mean the actions were finally decided in favor of the Los Angeles Diocese and the Episcopal Church. St. James Parish had not even filed an answer at that stage. Although the 1991 letter was in the appellate record before us in *Episcopal Church Cases*, *supra*, 45 Cal.4th 467, St. James Parish did not rely on it in this court, no doubt due to the procedural posture of the case. The briefs in this court did not discuss it, and we did not consider it. Our opinion did not order judgment entered against the defendants before they had even answered the complaint and cross-complaint. We merely affirmed the previous judgment of the Court of Appeal, which had remanded the matter for further proceedings. Further proceedings are still necessary to finally decide the dispute. We express no opinion regarding the legal significance, if any, of the 1991 letter. We merely hold that a court must decide the question.

4

We reverse the judgment of the Court of Appeal and remand the matter to that court for further proceedings consistent with our opinion.

CHIN, J.

WE CONCUR:

CANTIL-SAKAUYE, C.J.
BAXTER, J.
WERDEGAR, J.
CORRIGAN, J.
WILLHITE, J.*

_____
* Associate Justice of the Court of Appeal, Second Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**DISSENTING OPINION BY KENNARD, J.**


This case, first before this court in 2009, concerns a dispute between a local parish and a national church organization over ownership of certain property. Today, this case is again before this court.

In the earlier decision, captioned *Episcopal Church Cases* (2009) 45 Cal.4th 467, this court reviewed the Court of Appeal's decision holding that when a secular court is asked to resolve an intrachurch property dispute, the "principle of government" standard must be applied, as this is the test that California has adopted for that purpose. Under that test, the courts must, as to disputes involving a hierarchical church, accept decisions made by the highest level of the church hierarchy. Under an alternative test, the "neutral principle of law" approach, secular courts decide church property disputes by applying general, that is, neutral, concepts of trust and property law to the issue at hand.

In the earlier decision, the majority adopted the "neutral principles of law" approach. (*Episcopal Church Cases*, *supra*, 45 Cal.4th 467.) In a concurring and dissenting opinion, I agreed with the Court of Appeal that, as reflected in Corporations Code section 9142, California had adopted the "principle of government" approach for resolving intrachurch disputes about ownership of church property.

On remand to the trial court, the national church organization unsuccessfully moved for judgment on the pleadings. The church then petitioned

1

the Court of Appeal for a writ of mandate, which the appellate court granted, directing the trial court to enter a new order granting the church's motion for judgment on the pleadings, thus resolving the property dispute in favor of the national church organization. In the Court of Appeal's view, certain language in the majority's earlier decision in *Episcopal Church Cases*, *supra*, 45 Cal.4th 467, conclusively determined that the national church organization owns the property in dispute. After granting the local parish's petition for review, the case is once again before us, this time captioned *Rasmussen v. Superior Court*.

In this second round, I adhere to the view expressed in my concurring and dissenting opinion in the earlier decision. Applying the "principle of government" approach here, I conclude that the Court of Appeal acted correctly when it granted the national church organization's petition for a writ of mandate and directed the trial court to grant the church's motion for judgment on the pleadings. Therefore, unlike the majority, which reverses the Court of Appeal's judgment in the matter now before us, I would affirm that court's judgment.

KENNARD, J.

2

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Rasmussen v. Superior Court

_____

**Unpublished Opinion** XXX NP opn. filed 3/20/10 – 4th Dist., Div. 3
**Original Appeal**
**Original Proceeding**
**Review Granted**
**Rehearing Granted**

_____

**Opinion No.** S182407
**Date Filed:** May 5, 2011

_____

**Court:** Superior
**County:** Orange
**Judge:** Thierry Patrick Colaw

_____

**Counsel:**

Holme Roberts & Owen, John R. Shiner; Horvitz & Levy and Jeremy B. Rosen for Petitioners Jane Hyde Rasmussen, The Right Rev. Robert M. Anderson, The Protestant Episcopal Church in the Diocese of Los Angeles and The Right Rev. J. Jon Bruno, Bishop Diocesan of the Episcopal Diocese of Los Angeles.

Goodwin/Proctor, David Booth Beers and Jeffrey David Skinner for Petitioner The Episcopal Church.

Haley & Bilheimer and Allan S. Haley for American Anglican Council as Amicus Curiae on behalf of Petitioners Jane Hyde Rasmussen, The Right Rev. Robert M. Anderson, The Protestant Episcopal Church in the Diocese of Los Angeles and The Right Rev. J. Jon Bruno, Bishop Diocesan of the Episcopal Diocese of Los Angeles.

No appearance for Respondent.

Payne & Fears, Eric C. Sohlgren, Daniel F. Lula, Erik M. Andersen; Greines, Martin, Stein & Richland and Robert A. Olson for Real Parties in Interest The Rev. Praveen Bunyan, The Rev. Richard A. Menees, The Rev. M. Kathleen Adams, The Rector, Wardens and Vestrymen of St. James Parish in Newport Beach, California, James Dale, Barbara Hettinga, Paul Stanley, Cal Trent, John McLaughlin, Penny Reveley, Mike Thompson, Jill Austin, Eric Evans, Frank Daniels, Cobb Grantham and Julia Houten.

Barker Olmsted & Barnier and Charles W. Olmsted for Law Professors as Amicus Curiae on behalf of Real Parties in Interest The Rev. Praveen Bunyan, The Rev. Richard A. Menees, The Rev. M. Kathleen Adams, The Rector, Wardens and Vestrymen of St. James Parish in Newport Beach, California, James Dale, Barbara Hettinga, Paul Stanley, Cal Trent, John McLaughlin, Penny Reveley, Mike Thompson, Jill Austin, Eric Evans, Frank Daniels, Cobb Grantham and Julia Houten.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

John R. Shiner
Holme Roberts & Owen
800 West Olympic Boulevard, Fourth Floor
Los Angeles, CA  90015-1367
(213) 572-4300

Eric C. Sohlgren
Payne & Fears
4 Park Plaza, Suite 1100
Irvine, CA  92614
(949) 851-1100