**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUNE WOOLVERTON JOHNSON, an individual, on behalf of herself and all others similarly situated,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>        Defendant - Appellee. | No. 12-55233<br><br>D.C. No. 2:11-cv-06406-R-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 8, 2013
Pasadena, California

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

    June Johnson appeals the Rule 12(b)(6) dismissal with prejudice of her

putative class action against Wal-Mart.  The gravamen of Johnson's complaint is

that Wal-Mart allegedly misrepresented that it charged her a nine dollar "recycling

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

fee" with her purchase of a seventy-seven dollar car battery because the "recycling fee" was required by California law, when, in fact, California does not require such a fee. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

*1.* The district court erred by concluding that Johnson alleged insufficient injury-in-fact under California law to state a claim upon which relief can be granted. A plaintiff suffers economic injury-in-fact under California law if he "surrender[s] in a transaction more . . . than he . . . otherwise would have" or is "required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011); *accord Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1102 (9th Cir. 2013) (noting that a plaintiff suffers economic injury if induced "to spend more than he otherwise would have spent").

Johnson alleges that she would not have paid the additional nine dollar fee if she had known that California law did not require her to pay it and that Wal-Mart intended to keep the nine dollars for itself. On a motion to dismiss, we accept these factual allegations as true. *Alvarez v. Chevron Corp.*, 656 F.3d 925, 930 (9th Cir. 2011). Drawing upon our "judicial experience and common sense," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), we conclude that these factual allegations permit a reasonable inference that Johnson paid more "than she otherwise would

2

have" if Wal-Mart had not engaged in the alleged misrepresentation, *Kwikset Corp.*, 51 Cal. 4th at 323. Johnson's claim is "plausible on its face" because it is reasonable to infer that Johnson, if correctly informed, would not have given Wal-Mart the nine dollar fee in addition to paying seventy-seven dollars for the battery. *Iqbal*, 556 U.S. at 678.

The district court erred by relying on *Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545 (2011), which is inapposite. In *Bower*, the plaintiff characterized her injury as being "denied any opportunity [to] shop around for retailers that do not charge consumers this discretionary fee." *Id.* at 1554 (alteration in original). Here, by contrast, Johnson's claimed injury is the actual loss of nine dollars. On appeal, Wal-Mart asserts that *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583 (2008), requires affirmance. In *Peterson*, however, the plaintiffs "[did] not allege they paid more for the insurance due to defendant's collecting a commission." *Id.* at 1591. Here, Johnson *does* allege that she paid more because of Wal-Mart's challenged conduct.

*2.* The district court also erred by determining that Johnson failed to satisfy the pleading requirements of Fed. R. Civ. P. 9(b). Rule 9(b) requires a plaintiff averring fraud to plead the "who, what, when, where, and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

3

He must also offer "an explanation as to why the statement or omission complained of was false or misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in SEC v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011).

Johnson's complaint satisfies these requirements. She alleges that, at its Ridgecrest, California, store on August 3, 2010, Wal-Mart implicitly misrepresented to her that it was required by law to charge the nine dollar "recycling fee" by posting a sign stating that "[s]ome states require a fee when you buy a new battery" and by charging the fee, identifying it as a "recycling fee" on her receipt. She alleges falsity because California does not require such a fee and Wal-Mart "actively concealed" the truth. The district court's stated rationale – that Wal-Mart's statements were true and Johnson simply misunderstood the law – erroneously evaluated the merits of Johnson's claims rather than the particularity of her pleadings. Johnson's allegations make it unequivocally clear to Wal-Mart what conduct it must defend. *See Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

*3.* The district court did not hold that any misrepresentations made by Wal-Mart were nonactionable statements of the law, *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004), as Wal-Mart now suggests. And we decline

Wal-Mart's invitation to affirm on these alternative grounds. "If a misrepresentation as to a matter of law includes, expressly or by implication, a misrepresentation of fact, the recipient is justified in relying upon the misrepresentation of fact to the same extent as though it were any other misrepresentation of fact." Restatement (Second) of Torts § 545(1) (1977); *see also Miller*, 358 F.3d at 621 (discussing the Restatement's position that misrepresentations of law are not actionable *if* they do not "include[] a misrepresentation of fact"). Wal-Mart's sign and receipt may well have implied a factual assertion that California, not Wal-Mart, would receive the recycling fee.

The panel retains jurisdiction over any further appeals in this action.

**REVERSED AND REMANDED.**