**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ALVIN TAMANAHA,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>FURUKAWA AMERICA, INC.,<br><br>Defendant - Appellee.<br><br>and<br><br>FURUKAWA ELECTRIC, CO. LTD, a Japanese corporation; et al.<br><br>Defendants | No. 09-55783<br><br>D.C. No. 2:08-cv-03927-R-VBK<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 6, 2011
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable James S. Gwin, District Judge for the U.S. District Court for Northern Ohio, Cleveland, sitting by designation.

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and GWIN, District Judge.[**]

Appellant and Qui Tam Relator Alvin Tamanaha appeals the district court's dismissal with prejudice of his False Claims Act action. We review a district court's denial of leave to amend for abuse of discretion, keeping in mind that "such denial is strictly reviewed in light of the strong policy permitting amendment." *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (quoting *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991)). Finding that the district court abused its discretion in dismissing the action without allowing Tamanaha's requested leave to amend, we reverse and remand.

Tamanaha alleges that Furukawa submitted materially false information to the United States Customs Service in order to undervalue—and thereby reduce customs duties owed on—imported goods, in violation of the False Claims Act, 31 U.S.C. §§ 3729–3733 (2006). On Furukawa's motion to dismiss, the district court dismissed Tamanaha's complaint for failure to state a viable False Claims Act claim under Federal Rule of Civil Procedure 12(b)(6) and for failure to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). Tamanaha requested leave to amend his complaint to allege more precisely that Furukawa

violated a preexisting obligation to pay customs duties established by federal regulation. The district court denied the request.

A "court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Where a plaintiff's fraud allegations are dismissed under Rule 12(b)(6) or for failure to comply with Rule 9(b)'s heightened pleading standard, we have consistently held that "'[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Any amendment to Tamanaha's complaint would be the first. And, contrary to the district court's conclusion, such amendment would not be inherently futile. First, Tamanaha could amend his complaint to plead that Furukawa sought to decrease a fixed obligation to pay customs duties established by federal regulation. Under customs regulations, importers have an existing, non-contingent and nondiscretionary liability for customs duties. *See, e.g.*, 19 C.F.R. §§ 141.4, 159.2 (demanding entry and liquidation of imported merchandise); 19 U.S.C. § 1503 (assessment of duties on imports is generally based on the appraised value of the imported goods as determined on liquidation); Harmonized Tariff Schedule of the United States (2011) (codified at 19 U.S.C. § 1202), *available at*

3

http://www.usitc.gov/tata/hts/. Such liability arises immediately and automatically upon the importation of goods into the United States. 19 C.F.R. § 141.1(b)(1). Accordingly, false statements or records made to avoid or decrease this obligation to pay—which Tamanaha could allege in an amended complaint—are actionable under the False Claims Act's reverse false claims provision. 31 U.S.C. § 3729(a)(7) (2006); *United States v. Bourseau*, 531 F.3d 1159, 1169 (9th Cir. 2008) (requiring plaintiff in False Claims Act action to show that defendant, by false statement, sought to conceal, avoid, or decrease a precise, preexisting obligation to pay United States).

Tamanaha could also amend his complaint to address the district court's stated reason for dismissing the action under Rule 9(b): that the original complaint did not detail how Furukawa submitted its allegedly false statements and to whom. Leave to amend would provide Tamanaha further opportunity to "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), although it may be appropriate to relax Rule 9(b)'s heightened pleading standard to the extent that evidence of the alleged false claims lies within Furukawa's exclusive possession, *see United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).

Tamanaha could thus cure any Rule 12(b)(6) or 9(b) defects by amending his complaint to allege the specific sources of Furukawa's preexisting obligation to pay customs duties and to plead a False Claims Act violation with greater particularity. Given Rule 15's strong preference for allowing amendment, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (Rule 15(a)'s "mandate is to be heeded"), Tamanaha should have the opportunity to amend.

Because we find that the district court abused its discretion in denying Tamanaha leave to amend his complaint, we need not directly reach the question of whether the original complaint sufficiently pleaded a reverse False Claims Act claim. Furthermore, we decline to reassign this case upon remand, finding no indication from the record that District Judge Manuel Real could not fairly comply with our mandate or that reassignment is necessary to preserve the appearance of justice. *See Earp v. Cullen*, 623 F.3d 1065, 1071-72 (9th Cir. 2010).

Upon remand, the district court is instructed to allow amendment to the complaint.

**REVERSED AND REMANDED WITH INSTRUCTION**.