NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as indenture Trustee for American Home Mortgage Investment Trust 2007-2, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> FIDELITY NATIONAL TITLE INSURANCE COMPANY; LAWYERS TITLE INSURANCE CORPORATION, <br><br> Defendants-Appellees. | No. 20-15849 <br><br> D.C. No. 3:19-cv-468-MMD-WGC <br><br> District of Nevada, Reno <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted October 20, 2021<sup>**</sup>
San Francisco, California

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  GOULD and WALLACE, Circuit Judges, and VITALIANO,\*\*\* District Judge.

Appellant Deutsche Bank National Trust Company ("Deutsche") appeals from the judgment of the district court dismissing, pursuant to Rule 12(b)(6), its complaint against Fidelity National Title Insurance Company ("Fidelity") and Lawyers Title Insurance Corporation ("Lawyers Title") without leave to amend. Generally, the denial of leave to amend a complaint is reviewed for an abuse of discretion, *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016), but, where a complaint is dismissed with prejudice and leave to amend is denied as futile, the decision to deny leave is reviewed *de novo*.  *See id.*

In this lawsuit, Deutsche sought to dispute Fidelity's declination of coverage under a title insurance policy issued to Deutsche on a property located within the bounds of a homeowners' association ("HOA").  After Deutsche's mortgagors defaulted on their HOA assessments, the HOA foreclosed on its lien securing the delinquency and sold the property to a buyer.  After the sale, Deutsche filed a complaint for quiet title against the buyer in Nevada state court, and, in connection with the quiet title action, requested indemnity or defense from Fidelity pursuant to the policy's terms.

---

\*\*\*     The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

When Fidelity denied the request, Deutsche sued, seeking damages for Fidelity's failure to defend and indemnify it under the title insurance policy, engendering appellees' motion to dismiss the complaint. The district court granted the motion in its entirety, dismissing all of Deutsche's claims without leave to amend any of them. In its appellate briefing, Deutsche seeks, in principal part, leave to amend its claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and for violation of Nevada Revised Statute 686A.310, which imposes civil liability on an insurer for a host of "unfair" claims settlement practices.[1]

In its papers opposing appellees' motion to dismiss the complaint, Deutsche, referencing it for the first time, attached a copy of a Fidelity insurance claims manual. The manual was probative of a variety of insurance products Fidelity offered that provide title insurance for property located within a homeowners' association, which could arguably support Deutsche's claims. Nonetheless, having already determined that the title insurance policy was unambiguous and noting that the proffered manual was extrinsic to the complaint, the district court declined to consider it in deciding Fidelity and Lawyers Title's motion to dismiss. Clearly, as

---

[1] Since they are not mentioned in any way in its opening brief, appellant has surrendered any appeal from the district court's judgment dismissing its fiduciary duty claim and all of its claims against Lawyers Title, a company which had previously fully merged into Fidelity. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

evidentiary matter extrinsic to the complaint, the district court was well within its discretion not to consider the manual in determining appellees' motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Evidentiary matter extrinsic to a complaint is, however, properly considered in assessing whether an attempt to amend the dismissed complaint would be clearly futile. *See Nunes v. Ashcroft*, 375 F.3d 805, 810 (9th Cir. 2004).

Ordinarily, leave to amend a complaint should be granted with great liberality. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). This is especially so where, as here, the pleader has never been afforded an opportunity to amend. *See Fontana v. Haskin*, 262 F.3d 871, 877 n.3 (9th Cir. 2001). Any decision of the district court dismissing a complaint and denying an opportunity to amend it as futile is subject to review *de novo*. United *States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

Conducting such *de novo* review, there can be no doubt that the manual is probative on the issue of whether an attempted amendment of Deutsche's claims would be, as the test requires, clearly futile. *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013). For example, the manual could be read to support the amendment of Deutsche's statutory claim for unfair claims settlement practices. Similarly, since Nevada law permits courts to consider the custom and practices of the trade even when construing a contract that

4

is unambiguous in its terms, *see Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 367 (Nev. 2013), the manual might be read to support amendment of the breach of contract claim as well.

Accordingly, read with liberality, the contents of the manual sufficiently establishes that it was error for the district court to conclude that amendment of Deutsche's complaint was clearly futile and, therefore, that it was error to refuse Deutsche the opportunity to attempt amendment of its claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and for violation of Nevada's law barring insurers from unfair claims settlement practices.[2]

REVERSED IN PART AND REMANDED.

---

[2] Because we hold that the district court abused its discretion in denying Deutsche leave to amend its claims, we need not directly reach the question of whether the original complaint sufficiently pleaded claims for relief. *See, e.g.*, *U.S. ex rel. Tamanaha v. Furukawa Am., Inc.*, 445 F. App'x 992, 994 (9th Cir. 2011).